IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

FILED ENTERED LODGED RECEIVED

NOV 16 2021

AT BALTIMORE CLERK U.S. DISTRICT COURT DISTRICT OF MARYLAND BY DEPUTY

| | | |
|---|---|---|
| Erien Frazier, | ) | Civil Action No.: |
| Plaintiff | ) | ADC-21-2936 |
| Vs. | ) | **DEMAND FOR TRIAL BY JURY** |
| LVNV Funding, LLC, Trans Union | ) | |
| Experian, and Equifax, | ) | |
| Defendants | ) | |

## COMPLAINT

1. Plaintiff, Erien Frazier, individually, hereby sues Defendants, LVNV Funding, LLC, Experian, Trans Union, and Equifax for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* and the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq*.

## PRELIMINARY STATEMENT

2. This is an action for damages brought by Plaintiff against the Defendants for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq* and the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq*.

3. Plaintiff contends that the Defendants, LVNV Funding, LLC, Experian, Trans Union, and Equifax have violated such laws by failing to reinvestigate Plaintiff's disputes in a timely manner, for failing to remove inaccurate information, and for attempting to collect a non-existent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transacts business here, and the conduct complained of occurred here.

6. All conditions precedent to the bringing of this action have been performed.

## PARTIES

7. Plaintiff, Erien Frazier, is a person and a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA, 15 U.S.C. § 1692(a)(3), and is an inhabitant of the State of Maryland.

8. LVNV Funding, LLC is a South Carolina corporation registered to do business in the State of Maryland. Experian is a Texas corporation registered to do business in the State of Maryland, Trans Union is a Pennsylvania corporation registered to do business in Maryland, and Equifax is a Georgia corporation registered to do business in the State of Maryland.

9. LVNV Funding, LLC is a "furnisher" as described in 15 U.S.C. § 1681s-2(b) and a debt collector as defined by 15 U.S.C. § 1692(a)(6).

10. Experian, Trans Union, and Equifax are "consumer reporting" agencies as defined in 15 U.S.C. § 1681(a)(f).

## FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates paragraphs 1 through 10 in the above paragraphs as if fully set herein.

12. On March 17, 2019, Plaintiff tendered a payment in full to Synchrony Bank for a credit card account balance in the amount of $1700.

13. Synchrony failed to post payment in full for that month but instead listed the account late on Plaintiff's consumer reports.

14. Plaintiff's consumer score dropped significantly (See Exhibit A).

15. On or about mid-April 2019, Plaintiff notified Experian, Trans Union, and Equifax of the inaccurate information being furnished by Synchrony Bank.

16. For several months, letters went back and forth between the CRAs and Plaintiff as Plaintiff tried to correct the inaccurate information being furnished.

17. Plaintiff's disputes to the CRAs came back as "verified."

18. On November 15, 2019, Plaintiff wrote a letter to Synchrony Bank asking for proof that the account had not been satisfied.

19. Plaintiff's request was in the form of a notice of dispute with an attached affidavit (See Exhibit B).

20. Plaintiff included an affidavit of her own of what had transpired (See Exhibit C).

21. Plaintiff did not receive an answer responsive to her request.

22. On or about December 9, 2019, Synchrony Bank vice president sent a letter stating the account had been sold to Sherman Originator III LLC (See Exhibit D).

23. On or about February 4, 2020, Plaintiff received an Experian alert that LVNV Funding, LLC had begun furnishing a collections account on Plaintiff's consumer report (See Exhibit E).

24. On or about February 15, 2020, Plaintiff's Experian consumer score dropped 164 points (See Exhibit F).

25. On or about February 21, 2020, Plaintiff's application with Amalgamated Bank of Chicago was denied (See Exhibit G).

26. Plaintiff again sent notices of dispute to Experian. Trans Union, and Equifax and requests for reinvestigation.

27. Plaintiff sent LVNV Funding, LLC several disputes and requests for validation of the alleged debt.

28. Plaintiff never received validation for the non-existent debt.

29. LVNV Funding, LLC did not have Plaintiff's express or written permission to report anything on her consumer report.

30. Plaintiff was also contacted by entities attempting to collect the alleged debt for LVNV Funding, LLC (See Exhibit H).

31. Plaintiff sent request for validation to each entity.

32. No validation was received from TrueAccord, Resurgent Capital Services, Stillman Law Office, or LVNV Funding, LLC.

33. Defendant LVNV Funding, LLC continued to furnish false information monthly to the consumer reporting agencies.

34. On or about September 24, 2020, Trans Union finally deleted the trade line (See Exhibit I-4).

35. Experian followed suit and deleted the inaccurate information on or about September 25, 2020 (See Exhibit I-2).

36. Equifax refuses to remove the inaccurate trade-line even after Experian and Trans Union removed it (See Exhibit I-1 and I-3).

**COUNT I**

**LVNV FUNDING, LLC'S**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681s-2(b)**

37. Plaintiff re-alleges and incorporates the above paragraphs 1 through 36 as if fully set herein.

38. On one or more occasions, within the two years of filing this suit, LVNV Funding, LLC willfully violated the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's disputes regarding the trade-line and/or reporting inaccurately the results of such investigation.

39. As a result of this conduct, action and inaction of LVNV Funding, LLC, the Plaintiff suffered actual damages including loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

40. LVNV Funding, LLC's actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, LVNV Funding, LLC was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover actual damages, statutory damages, cost and attorney's fees from LVNV Funding, LLC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff prays judgment in her favor for damages in the amount of $250,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(FDCPA) 15 U.S.C. § 1692**

42. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 41.

43. Plaintiff is a consumer within the meaning of FDCPA 15 U.S.C. § 1692a(3).

44. Defendant LVNV Funding, LLC is a debt collector within the meaning of FDCPA 15 U.S.C. § 1692a(6).

45. Defendant LVNV Funding, LLC violated 15 U.S.C. § 1692e(11) by using false means to collect a debt when it had no legal right to do so.

46. Defendant LVNV Funding, LLC sent a debt collection letter to Plaintiff in an attempt to collect an alleged but non-existent debt.

47. Defendant LVNV Funding, LLC furnished information to the consumer reporting agencies in order to collect a non-existent debt.

48. Plaintiff has no contract or business connection with Defendant LVNV Funding, LLC.

49. Plaintiff never gave Defendant LVNV Funding, LLC permission to furnish her information to any of the consumer reporting agencies.

50. Defendant LVNV Funding, LLC is a debt collector attempting to collect on an alleged but non-existent debt.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant LVNV Funding, LLC for actual or statutory damages, and attorney's fees costs, pursuant to 15 U.S.C. 1692k.

## COUNT III

## VIOLATIONS OF MARYLAND COMMERCIAL LAW CODE 14-202 CONSUMER DEBT COLLECTION

51. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 50.

52. Plaintiff is a person within the meaning of Maryland Commercial Code § 14-201(d).

53. Defendant is a collector within the meaning of Maryland Commercial Code § 14-201(b).

54. Defendant LVNV Funding, LLC, claims the right to enforce the collection of an alleged debt when that right does not exist in violation of Maryland Commercial Code § 14-202(8).

55. Defendant LVNV Funding, LLC, repeatedly sent mailed notices claiming Plaintiff owed Defendant a debt.

56. Defendant LVNV Funding, LLC furnished false information to consumer reporting agencies in an attempt to collect a nonexistent debt.

57. Plaintiff has suffered emotional distress and mental anguish caused by these repeated violations.

**WHEREFORE,** Plaintiff demands judgment for damages against LVNV Funding, LLC for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to Maryland Commercial Code § 14-203.

## COUNT IV

## LVNV FUNDING, LLC DEFAMATION – LIBEL

58. Plaintiff re-alleges and incorporates paragraphs 1 through 57 in the above paragraphs as if fully set herein.

59. Plaintiff's reputation among lenders was harmed when LVNV Funding, LLC furnished false and inaccurate information on Plaintiff's consumer report.

60. LVNV Funding, LLC knowingly made false claims regarding the alleged delinquent account in written reports to Experian, Trans Union, and Equifax.

61. Plaintiff could not obtain consumer credit and was mentally and emotionally distressed by the persistent false and inaccurate information.

**WHEREFORE**, Plaintiff prays judgment in her favor for damages in the amount of $250,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT V

## TRANS UNION'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b)

62. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 61 above as if fully set out herein.

63. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

64. As a result of this conduct, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

65. Trans Union's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.
66. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**COUNT VI**

**TRANS UNION'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)**

67. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 66 above as if fully set out herein.

68. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Trans Union had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

69. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to notify the furnishers of the disputed information that was being disputed.

70. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to provide a description of the reinvestigation procedures at the request of the Plaintiff.

71. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

72. Trans Union violated 15 U.S.C. § 1681i(a) by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

73. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

74. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

75. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT VII

## TRANS UNION'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(c)

76. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 75 above as if fully set out herein.

77. Plaintiff's notifications to Trans Union of the errors in her file included a brief statement of the dispute.

78. Subsequent to Trans Union's receipt of the statement of dispute, Trans Union issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement.

79. Trans Union's failure to include the notification of the dispute and statement of dispute in the consumer reports was in violation of Plaintiff's rights under 15 U.S.C. § 1681i(c).

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT VIII

## TRANS UNION'S VIOLATIONS OF MD. CODE COM. LAW § 14-1208

80. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 79 above as if fully set out herein.

81. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Trans Union had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

82. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to notify the furnishers of the disputed information that it was being disputed.

83. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

84. Trans Union violated Md. Code Com. Law § 14-1208 by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

85. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

86. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code Com. Law § 14-1213(a). In the alternative, it was negligent entitling the Plaintiff to recover under Md. Code Com. Law § 14-1213(b).

87. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**COUNT IX**

**TRANS UNION: DEFAMATION-LIBEL**

88. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 87 above as if fully set out herein.

89. The amount of credit available to Plaintiff is based on her past payment history as it is known to creditors.

90. Plaintiff's reputation among lenders is harmed when an account is reported delinquent.

91. Trans Union knowingly published a false delinquent account in written reports to potential creditors, thus harming Plaintiff's reputation as a debtor, resulting in denial of credit to Plaintiff.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**COUNT X**

**EXPERIAN'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b)**

92. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 91 above as if fully set out herein.
93. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.
94. As a result of this conduct, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.
95. Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.
96. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**COUNT XI**

**EXPERIAN'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)**

97. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 96 above as if fully set out herein.

98. Experian violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Experian had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

99. Experian violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to notify the furnishers of the disputed information that it was being disputed.

100. Experian violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to provide a description of the reinvestigation procedures at the request of the Plaintiff.

101. Experian violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

102. Experian violated 15 U.S.C. § 1681i(a) by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

103. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

104. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

105. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT XII

## EXPERIAN'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(c)

106. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 105 above as if fully set out herein.

107. Plaintiff's notifications to Experian of the errors in her file included a brief statement of the dispute.

108. Subsequent to Experian's receipt of the statement of dispute, Experian issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement.

109. Experian's failure to include the notification of the dispute and statement of dispute in the consumer reports was in violation of Plaintiff's rights under 15 U.S.C. § 1681i(c).

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT XIII

## EXPERIAN'S VIOLATIONS OF MD. CODE COM. LAW § 14-1208

110. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 109 above as if fully set out herein.

111. Experian violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Experian had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

112. Experian violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to notify the furnishers of the disputed information that it was being disputed.

113. Experian violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

114. Experian violated Md. Code Com. Law § 14-1208 by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

115. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

116. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code Com. Law § 14-1213(a). In the alternative, it was negligent entitling the Plaintiff to recover under Md. Code Com. Law § 14-1213(b).

117. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT XIV

## EXPERIAN: DEFAMATION-LIBEL

118. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 117 above as if fully set out herein.

119. The amount of credit available to Plaintiff is based on her past payment history as it is known to creditors.

120. Plaintiff's reputation among lenders is harmed when an account is reported delinquent.

121. Experian knowingly published a false delinquent account in written reports to potential creditors, thus harming Plaintiff's reputation as a debtor, resulting in denial of credit to Plaintiff.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT XV

## EQUIFAX'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b)

122. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 121 above as if fully set out herein.

123. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

124. As a result of this conduct, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

125. Equifax's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

126. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff prays judgment in her favor for damages in the amount of $150,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT XVI

## EQUIFAX'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)

127. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 126 above as if fully set out herein.

128. Equifax violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Equifax had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

129. Equifax violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to notify the furnishers of the disputed information that it was being disputed.

130. Equifax violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to provide a description of the reinvestigation procedures at the request of the Plaintiff.

131. Equifax violated 15 U.S.C. § 1681i(a) by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

132. Equifax violated 15 U.S.C. § 1681i(a) by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

133. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

134. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

135. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $250,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT XVII

## EQUIFAX'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(c)

136. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 135 above as if fully set out herein.

137. Plaintiff's notifications to Equifax of the errors in her file included a brief statement of the dispute.

138. Subsequent to Equifax's receipt of the statement of dispute, Equifax issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement.

139. Equifax's failure to include the notification of the dispute and statement of dispute in the consumer reports was in violation of Plaintiff's rights under 15 U.S.C. § 1681i(c).

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $250,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

## COUNT XVIII

## EQUIFAX'S VIOLATIONS OF MD. CODE COM. LAW § 14-1208

140. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 139 above as if fully set out herein.

141. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Equifax had no reasonable grounds to believe that Plaintiff's dispute was frivolous or irrelevant.

142. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to notify the furnishers of the disputed information that it was being disputed.

143. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

144. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

145. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

146. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code Com. Law § 14-1213(a). In the alternative, it was negligent entitling the Plaintiff to recover under Md. Code Com. Law § 14-1213(b).

147. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $250,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**COUNT XVIV**

**EQUIFAX: DEFAMATION-LIBEL**

148. Plaintiff re-alleges and incorporates the information in paragraphs 1 through 147 above as if fully set out herein.

149. The amount of credit available to Plaintiff is based on her past payment history as it is known to creditors.

150. Plaintiff's reputation among lenders is harmed when an account is reported delinquent.

151. Equifax knowingly published a false delinquent account in written reports to potential creditors, thus harming Plaintiff's reputation as a debtor, resulting in denial of credit to Plaintiff.

**WHEREFORE,** Plaintiff prays judgment in her favor for damages in the amount of $250,000 with interest from February 4, 2020, costs of this action and Plaintiff's attorney's fees, and any such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted this November 11, 2021

Erien Frazier *Pro Se*

P.O. Box 25

Hagerstown, MD 21740

(410) 262-8690

erienfrazier@gmail.com