IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIEN FRAZIER,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO. JKB-21-2936** |
| **LVNV FUNDING, LLC et al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is *pro se* Plaintiff Erien Frazier's Motion to Compel. (ECF No. 52.) Frazier seeks to compel Defendant Equifax Information Services LLC ("Equifax") to produce documents. (*Id.*) Equifax has filed a Response. (ECF No. 63.) Frazier has not replied. The Motion is ripe for disposition and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, the Court will deny the Motion.

### I. Factual and Procedural Background

Frazier filed a Complaint against several Defendants, including Equifax. (ECF No. 1.) She alleges violations of the Fair Credit Reporting Act and the Fair Debt Collections Practices Act. (*Id.*) She alleges that she paid a Synchrony Bank credit card balance in full in March 2019, but that Synchrony Bank failed to post that payment and that, as a result, her credit score dropped. (*Id.* ¶¶ 12–14.) She further alleges that she notified Experian, Trans Union, and Equifax of the inaccurate information on multiple occasions in 2019 and 2020, but that—although Trans Union and Experian deleted the inaccurate information in September 2020—Equifax continues to report the inaccurate information. (*Id.* ¶¶ 15–17, 26, 34–36.) She also alleges that LVNV Funding, LLC ("LVNV") "had begun furnishing a collections account on Plaintiff's consumer report" and that—

1

despite multiple attempts to contact LVNV and other entities attempting to collect the debt on LVNV's behalf—LVNV continued to furnish false information to consumer reporting agencies. (*Id.* ¶ 33.)

Frazier has filed a Motion to Compel. (ECF No. 52.) She alleges that Equifax refuses to provide information responsive to a request for production, which seeks "[a]ny reports to regulatory agencies, shareholders, or corporate officers reflecting overall incidents or assessment of known problems of consumer accuracy disputes and failures to investigate." (*Id.* at 2.) Equifax previously objected to this request as vague and ambiguous and as seeking privileged information. (*Id.*) It also stated that it was unaware of any responsive documents. (*Id.* at 3.) Frazier then "did some additional research and found that there were Equifax reports available that had been submitted or poised to be submitted to regulatory agencies by Stephen Leary" and therefore requested "any and all information pertaining to Stephen Leary's compliance findings regarding Equifax's treatment of customer disputes." (*Id.*) She explains that she made attempts to discuss the matter with Equifax and that "[i]n some of her latest emails with counsel, they have stated that they are open to discuss the matter" but that she "sees this as a stalling tactic, as they have already stated that their position is not to produce anything in regards to Stephen Leary." (*Id.*) She explains that documents related to Stephen Leary are relevant to her claims. (*Id.*)

## II. Standard

A party may file a motion to compel discovery when a party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(3)(B). Federal Rule of Civil Procedure 37(a)(1) provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

District courts have substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 932, 929 (4th Cir. 1995).

### III.   Analysis

As an initial matter, Frazier has not filed the certification required under Federal Rule of Civil Procedure 37(a)(1). The Court is mindful that Frazier is proceeding *pro se* and that "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, it does not appear that Frazier has complied with the substance of the Rule and has not "in good faith conferred or attempted to confer" with Defendant, as is required. Indeed, Frazier concedes in her Motion that Equifax has attempted to meet and confer, but she explains that she "sees it as a stalling tactic." (ECF No. 52 at 3.) She does not provide a basis for that assertion, and the exhibits provided by the parties indicate that Defendant has attempted to communicate with Frazier about her request. (*See* ECF No. 63-6 at 1–2 (email from Equifax's counsel to Frazier explaining that Equifax objected to producing documents relating to Stephen Leary and offering to set up a time to discuss).)

Further, setting aside Frazier's noncompliance with the requirements set forth in Rule 37(a)(1), the documents that Frazier seeks are not relevant to her claims. Frazier has sought documents relating to Stephen Leary, who filed a complaint in the United States District Court for the Northern District of Georgia, alleging that he was terminated because he identified compliance failures at Equifax relating to tracking and reporting customer complaints. (*See* ECF No. 63-3 at 8–11.) This information is not relevant to Frazier's claims, which relate to alleged inaccurate credit reporting. Therefore, Frazier's request for these documents exceeds the scope of discovery. *See* Fed. R. Civ. P 26(b)(1) (providing that the scope of discovery includes "any nonprivileged

3

matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Thus, Frazier's Motion to Compel will be denied.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Frazier's Motion to Compel (ECF No. 52) is DENIED; and

2. The parties SHALL FILE any motions for summary judgment by December 5, 2022.

DATED this 21 day of October, 2022.

BY THE COURT:

James K. Bredar
Chief Judge