# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| ERIEN FRAZIER, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:21-cv-02936-JKB |
| | : | |
| v. | : | |
| | : | |
| LVNV FUNDING, LLC, TRANS UNION, EXPERIAN | : | |
| AND EQUIFAX, | : | |
| | : | |
| Defendants. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM OF LAW IN FURTHER SUPPORT OF EQUIFAX'S MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

---

SEYFARTH SHAW LLP
Eric J. Janson
975 F Street, N.W.
Washington, DC 20004
(202) 828-3532
ejanson@seyfarth.com
*Attorneys for Defendant Equifax
Information Services LLC*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

RELEVANT PROCEDURAL HISTORY .................................................................. 3

ARGUMENT ...................................................................................................... 4

I.     LEGAL STANDARD.................................................................................. 4

     A.    Plaintiff's Proposed First Amended Complaint Is Untimely And She Has Failed to Demonstrate Good Cause Under FRCP Rule 16(b)(4)............................. 6

     B.    The Motion To Amend Should Be Denied Because It Is Unfairly Prejudicial To Equifax And Amending the Complaint Is Futile. ........................... 7

     C.    Plaintiff Has Waived Any Defense to Equifax's Motion for Summary Judgment And Equifax Should Be Awarded Summary Judgment. ........................ 9

CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alston v. Towne Bank*,
   No. GJH-20-690, 2022 U.S. Dist. LEXIS 43424 (D. Md. Mar. 11, 2020) ..............................8

*Cook v. Howard*,
   484 F. App'x 805 (4th Cir. 2012) ...................................................................................2, 4, 6

*Daimler Trust v. Pristine Annapolis, LLC*,
   No. ELH-16-544, 2016 U.S. Dist. LEXIS 75014 (D. Md. Jun. 7, 2016) .................................9

*Faulconer v. Centra Health, Inc.*,
   808 F. App'x 148 (4th Cir. 2020) ...................................................................................2, 4, 7

*First Nat'l Bank v. Master Auto Serv. Corp.*,
   693 F.2d 308 (4th Cir. 1982) ................................................................................................7

*Green v. AMF Bowling Ctrs., Inc.*,
   Civil Action No. ELH-19-1410, 2020 U.S. Dist. LEXIS 195836 (D. Md. Oct.
   21, 2020) ...........................................................................................................................5, 7

*Hunt Valley Baptist Church, Inc. v. Balt. Cnty.*,
   Civil Action No. ELH-17-804, 2019 U.S. Dist. LEXIS 119540 (D. Md. July
   17, 2019) ...............................................................................................................................5

*Jackson v. Balt. Curriculum Project, Inc.*,
   No. SAG-20-2433, 2022 U.S. Dist. LEXIS 113993 (D. Md. June 27, 2022) ..........................8

*Morgan v. Coppin State Univ.*,
   No. SAG-20-0427, 2021 U.S. Dist. LEXIS 219075 (D. Md. Nov. 12, 2021) ......................4, 5

*Naden v. Saga Software, Inc.*,
   11 Fed. Appx. 381 (4th Cir. 2001) .........................................................................................6

*Newport News Holdings Corp. v. Virtual City Vision*,
   650 F.3d 423 (4th Cir. 2011) ................................................................................................8

*Nourison Rug Corp. v. Parvizian*,
   535 F.3d 295 (4th Cir. 2008) .............................................................................................5, 7

*Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*,
   262 F. Supp. 2d 618 (D. Md. 2003) ....................................................................................2, 4

*Rassoull v. Maximus, Inc.*,
   209 F.R.D. 372 (D. Md. 2002) ...............................................................................................5

*Sandcrest Outpatient Services, P.A. v. Cumberland County Hospital,*
    853 F.2d 1139 (4th Cir. 1980) ...................................................................................9

*Scott v. Family Dollar Stores, Inc.,*
    733 F.3d 105 (4th Cir. 2013) ....................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................9

Fed. R. Civ. P. 15 ....................................................................................................1, 2, 4

Fed. R. Civ. P. 15(a) ............................................................................................ *passim*

Fed. R. Civ. P. 15(a)(2).............................................................................................2, 4

Fed. R. Civ. P. 16 ..................................................................................................... 5, 7

Fed. R. Civ. P. 16(b) .........................................................................................4, 5, 6, 7

Fed. R. Civ. P. 16(b)(4).......................................................................................*passim*

Fed. R. Civ. P. 56 ..........................................................................................................1

Pursuant to Fed. R. Civ. P. 16(b)(4) and 56, Defendant Equifax Information Services LLC ("Equifax"), by its attorneys, hereby files this memorandum in further support of Equifax's Motion for Summary Judgment and in opposition to Plaintiff Erien Frazier's Rule 15 motion to file her first amended complaint (ECF No. 70) (the "Motion to Amend"). For the reasons set forth below, Plaintiff's Motion should be denied.

## INTRODUCTION

Plaintiff's Motion should be denied because it is untimely under Fed. R. Civ. P. Rule 16(b)(4). The February 14, 2022 Scheduling Order (ECF No. 28)[1] issued by this Court specifically states that "[n]o changes in the schedule set forth herein will be permitted, unless authorized by the Court for ***good cause*** shown." (*Id*.) (emphasis added). Now, nearly four months after the close of discovery, more than a month after Equifax filed its motion for summary judgment, and nearly one week after her opposition to Equifax's motion for summary judgment was due and not submitted, Plaintiff attempts to salvage this action by filing the Motion to Amend. The Motion to Amend would add two defendants who have no affiliation with Equifax and conclusory statements which do nothing to change the fact that Plaintiff has no viable claims against Equifax. It is clear that the Motion is nothing more than a dilatory tactic and an attempt to avoid the entry of summary judgment in favor of Equifax when Plaintiff failed to oppose the motion.

After several extensions, the deadline for the completion of discovery was extended to September 14, 2022 (ECF No. 50) and no further extensions were sought or granted. As part of the Court's Order denying Plaintiff's Motion to Compel on October 24, 2022, the Court ordered the parties to file any motions for summary judgment by December 5, 2022 (ECF No. 66). In

---

[1] This is the operative Scheduling Order for purposes of Plaintiff's Motion to Amend. Although the deadlines for the completion of discovery and the filing of summary judgment motions were modified by the Court on June 17, 2022 (ECF. No. 41), June 24, 2022, August 31, 2022 (ECF. No. 50) and September 20, 2022 (ECF. No. 64), no other deadlines were extended or modified. (*Id*.)

compliance with this Court's Order, Equifax and LVNV Funding, LLC ("LVNV") filed motions for summary judgment on December 5, 2022 (ECF Nos. 67 and 68, respectively). The Court sent Plaintiff a notice on December 6, 2022 notifying Plaintiff that she had twenty-eight (28) days from the date of the notice to file a response to Equifax's and LVNV's motions for summary judgment (ECF No. 69). The deadline for Plaintiff to file a response to the summary judgment motions was January 3, 2023 and Plaintiff did not file any response or opposition. Because Plaintiff neither submitted an opposition nor sought or obtained an extension of time to oppose Equifax's Motion for Summary Judgment, Plaintiff has waived her right to oppose Equifax's motion.

Plaintiff fails to acknowledge any of these deadlines in her Motion to Amend, and likewise fails to establish, let alone argue, that she has good cause for moving to amend her Complaint more than one month after Equifax filed its Motion for Summary Judgment and *four months after* discovery closed. (*See* Motion to Amend (ECF No. 70)). Indeed, Plaintiff offers no explanation for her belated filing and, instead, relies exclusively on Rule 15. However, Plaintiff's reliance on Rule 15 is misplaced. At this juncture, Plaintiff must do more than satisfy the liberal standard for amendments set forth in Fed. R. Civ. P. 15(a); instead, she must first meet the requirements of Fed. R. Civ. P. 16(b)(4).  *See Cook v. Howard*, 484 F. App'x 805, 814-15 (4th Cir. 2012) ("under Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment."); *see also*, *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152-53 (4th Cir. 2020); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003).

Plaintiff's failure to provide any justification or good cause for her untimely filing should lead the Court to one conclusion: Plaintiff's Motion to Amend should be denied in its entirety with prejudice.

## RELEVANT PROCEDURAL HISTORY

Plaintiff commenced this action on November 16, 2021 (see ECF No. 1). On February 10, 2022, Equifax interposed an Answer with Affirmative Defenses (see ECF No. 27). On February 14, 2022, the Court entered a Scheduling Order directing the parties to complete depositions and discovery by June 30, 2022 and for summary judgment motions to be filed by August 1, 2022 (see ECF No. 28). On June 17, 2022, Plaintiff, with Equifax's and LVNV's consent, submitted a motion requesting that the discovery deadline be extended to August 30, 2022 and the Court granted this motion (see ECF Nos. 40 and 41, respectively). On June 24, 2022, Plaintiff, Equifax and LVNV jointly submitted a motion requesting that the deadline for motions for summary judgment be extended and on June 27, 2022, the Court granted this motion extending the summary judgment deadline to September 30, 2022 (see ECF Nos. 42 and 45, respectively). On August 31, 2022, Plaintiff unilaterally submitted a motion seeking to extend the discovery deadline and falsely represented to the Court that Equifax consented to the extension (see ECF No. 49). Before Equifax could object to Plaintiff's motion for another extension of the discovery deadline, the Court granted this motion and the deadline for the completion of discovery was extended to September 14, 2022 (see ECF No. 50).

On September 3, 2022, Plaintiff filed a motion to compel the production of documents (see ECF No. 52) and the Court denied this motion on October 24, 2022 (see ECF No. 66). As part of its Order, the Court ordered the parties to file any motions for summary judgment by December 5, 2022 (Id.). In compliance with this Court's Order, Equifax and LVNV filed motions for summary judgment (see ECF No. 67 and 68, respectively). The Court sent Plaintiff a notice on December 6, 2022 notifying Plaintiff that she had twenty-eight (28) days from the date of the notice to file a response to Equifax's and LVNV's motions for summary judgment (see ECF No. 69). The deadline for Plaintiff to file a response to the summary judgment motions was January 3, 2023 and

Plaintiff did not file any response. Plaintiff did not request an extension of time from Equifax or the Court and upon information and belief, no extension of time has been granted. Instead, Plaintiff filed the much belated Motion to Amend on January 9, 2023 (see ECF No. 70).

Without a legitimate explanation or justification, Plaintiff now belatedly moves for permission to file an Amended Complaint (see Motion (ECF No. 70)), which Equifax strongly opposes. The Motion to Amend should be denied for the reasons set forth below.

**ARGUMENT**

## I.     LEGAL STANDARD

The February 14, 2022 Scheduling Order explicitly states that "[n]o changes in the schedule set forth herein will be permitted, unless authorized by the Court for ***good cause*** shown." (ECF No. 28) (emphasis added). Although Plaintiff moves to amend under Fed. R. Civ. P. 15, that is not the applicable standard when, as here, a party seeks to amend its pleading *after* the entry of a scheduling order. *Faulconer*, 808 F. App'x at 152-53.  (ECF No. 28). Under such circumstances, Courts in this District follow a two-step analysis that first considers the viability of amendment under Rule 16(b)(4) before reaching Rule 15(a).  *Cook,* 484 F. App'x at 814-15; *Faulconer*, 808 F. App'x at 152-53; *Morgan v. Coppin State Univ*., No. SAG-20-0427, 2021 U.S. Dist. LEXIS 219075, at *9 (D. Md. Nov. 12, 2021); *Odyssey Travel Ctr., Inc.,* 262 F. Supp. 2d at 631.

"Rule 15(a)(2) articulates a relatively liberal amendment policy, in which leave to amend should be 'freely give[n] when justice so requires.' That rule applies, however, prior to the entry of a scheduling order, at which point, under Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment." *Cook*, 484 F. App'x at 814-15; *Odyssey Travel Ctr., Inc.,* 262 F. Supp. 2d at 631 ("Under that framework, once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving

4

party satisfies Rule 16(b), the movant then must pass the tests for amendment under 15(a)."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("after the deadlines provided by a scheduling order have passed, the good cause standard [under Rule 16] must be satisfied to justify leave to amend the pleadings."). The "burden for demonstrating good cause rests on the moving party." *Hunt Valley Baptist Church, Inc. v. Balt. Cnty.*, Civil Action No. ELH-17-804, 2019 U.S. Dist. LEXIS 119540, at *8 (D. Md. July 17, 2019).

The Rule 16(b)(4) "good cause" standard is "less concerned with the substance of the proposed amendment[,]" and instead "focuses on the timeliness of the amendment and the reasons for its tardy submission." *Rassoull v. Maximus, Inc*., 209 F.R.D. 372, 373-74 (D. Md. 2002); *Green v. AMF Bowling Ctrs., Inc*., Civil Action No. ELH-19-1410, 2020 U.S. Dist. LEXIS 195836, at *8-9 (D. Md. Oct. 21, 2020). "Because a court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril[,]'" Plaintiff "must demonstrate that the reasons for the tardiness of [her] motion justify a departure from the rules set by the court in its scheduling order." *Id.* (citations omitted).

Unlike Rule 16, an analysis under Rule 15(a) requires consideration of the substance of the proposed amendment. A court may "deny a motion to amend for reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Hunt Valley Baptist Church, Inc*., 2019 U.S. Dist. LEXIS 119540, at *10; *see also*, *Green*, 2020 U.S. Dist. LEXIS 195836, at *10 (citing *Davison v. Randall,* 912 F.3d 666, 690 (4th Cir. 2019)). However, an analysis under Rule 15(a) need not be reached if Plaintiff fails to first meet their burden of demonstrating good cause under Rule 16(b)(4). *Rassoull*, 209 F.R.D. at 374; *Morgan*, 2021 U.S. Dist. LEXIS 219075, at *9 ("where a moving

party fails to demonstrate good cause under Rule 16(b), the Court need not address the remaining Rule 15(a) factors.")

### A.    Plaintiff's Proposed First Amended Complaint Is Untimely And She Has Failed to Demonstrate Good Cause Under FRCP Rule 16(b)(4).

To establish good cause under Fed. R. Civ. P. Rule 16(b)(4), Plaintiff must show that the deadline cannot reasonably be met despite her own diligence. *Cook*, 484 F. App'x at 815. Plaintiff completely fails to do so here (*See* ECF No. 70.)

Applying these standards, Plaintiff has not and cannot establish the good cause required by Rule 16(b)(4). In her Motion to Amend, Plaintiff not only fails to acknowledge the untimeliness of her filing, but she also offers no explanation for why she did not move for leave to amend her original Complaint until *nearly four months* after discovery closed, over one month after Equifax filed its Motion for Summary Judgment, and nearly a week after her opposition to that dispositive motion was due. (*See* ECF No. 70.). Indeed, Plaintiff offers no reason whatsoever that the amendment could not have been made by the court-ordered deadline to amend pleadings more than ten months ago. In fact, a cursory review of the proposed amendments to the complaint reveals that the "new" allegations  are not new at all and existed at the time Plaintiff filed the operative complaint. For example, Plaintiff alleges that she "notified Equifax on numerous occasions that the alleged debt could not be validated or attested to" (ECF No. 70-12 at ¶ 99) and that "Equifax failed to timely remove the disputed trade-line that did not reflect accurate consumer credit data information." (Id. at ¶ 100.) These allegations are not new and Plaintiff asserted these very allegations in her original complaint (see Compl., ¶¶ 32, 36.) Under the circumstances, it is evident that Plaintiff's untimely Motion to Amend is solely the result of her own lack of diligence and, thus, she cannot satisfy the good cause standard under Rule 16(b)(4). *See Naden v. Saga Software, Inc.*, 11 Fed. Appx. 381, 383 (4th Cir. 2001) (affirming district court's denial of motion for leave

to amend complaint where plaintiff sought leave after defendant filed its motion for summary judgment); *see also*, *First Nat'l Bank v. Master Auto Serv. Corp.*, 693 F.2d 308, 314 (4th Cir. 1982) (denying leave to amend 19 days before trial was appropriate when the motion was made after the close of discovery and based on information known to the moving party during the discovery phase of the case).

Indeed, "only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard," *Faulconer*, 808 F. App'x at 152 and Plaintiff's conduct demonstrates just the opposite. The decision in *Faulconer*, which affirmed the District Court's denial of the plaintiff's motion for leave to amend the complaint, is particularly instructive here because the Court was confronted with evaluating similar circumstances.   There, the Court agreed that plaintiff's conduct – *i.e.,* his decision to move to amend his complaint more than eight months after the scheduling order deadline had lapsed, and his failure to offer "any explanation for that delay, or for why the 'scrivener's error' he describes could not have been remedied earlier[,]" *id.* at 153 – demonstrated a lack of "diligence required under Rule 16's good cause standard." *Id.*; *see also*, *Green*, 2020 U.S. Dist. LEXIS 195836, at *13 (diligence deemed to be lacking when the plaintiff moved to amend "over three months after the deadline, and without any explanation for or acknowledgment of the deadline[.]").   The Court should reach the same conclusion here and deny Plaintiff's Motion in its entirety.

Because Plaintiff fails to demonstrate good cause under Rule 16(b), the Motion to Amend should be denied in its entirety.

**B.     The Motion To Amend Should Be Denied Because It Is Unfairly Prejudicial To Equifax And Amending the Complaint Is Futile.**

In the absence of good cause, the Court need not consider the remaining factors under Rule 15(a). *Faulconer*, 808 F. App'x at 152; *Nourison Rug Corp.*, 535 F.3d at 299; *Green*, 2020 U.S.

Dist. LEXIS 195836, at *13-14. But even assuming Plaintiff could demonstrate good cause, which she cannot, the Motion to Amend still should be denied because any amendment would be highly prejudicial to Equifax and futile. Applying the more lenient Rule 15(a) standard leads to the same conclusion and Plaintiff's Motion to Amend should be denied.

"'Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part.'" *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 439 (4th Cir. 2011).

Here, Equifax would be unfairly prejudiced by Plaintiff's belated attempt to amend the Complaint one month after Equifax filed its Motion for Summary Judgment, four months after discovery closed and fourteen (14) months after Plaintiff filed the original Complaint. *See, e.g., Jackson v. Balt. Curriculum Project, Inc.*, No. SAG-20-2433, 2022 U.S. Dist. LEXIS 113993, at *10 (D. Md. June 27, 2022); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 125 (4th Cir. 2013) (concluding "it was entirely proper for the district court to conclude that permitting plaintiffs to amend their complaint … at such a late stage of the game would impermissibly prejudice Family Dollar. . . . Family Dollar should not be forced to defend a new suit three years after the original complaint was filed."). Equifax has incurred substantial costs to defend this action for over fourteen (14) months, including completing Plaintiff's deposition, producing voluminous written discovery and preparing a dispositive motion based upon the existing pleading. Plaintiff should not be permitted to circumvent her failure to oppose Equifax's Motion for Summary Judgment by filing this Motion to Amend. *See, e.g., Alston v. Towne Bank*, No. GJH-20-690, 2022 U.S. Dist. LEXIS 43424, at *6 (D. Md. Mar. 11, 2020) (courts look disfavorably on motions to amend

brought for the purpose of circumventing dispositive motions); *see also*, *Sandcrest Outpatient Services, P.A. v. Cumberland County Hospital*, 853 F.2d 1139, 1149 (4th Cir. 1980) (affirming the district court's refusal to grant leave to amend when motion to amend followed on the heels of opposing party's motion for summary judgment) (internal quotations omitted).

Furthermore, any amendment clearly is futile. An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Daimler Trust v. Pristine Annapolis, LLC*, No. ELH-16-544, 2016 U.S. Dist. LEXIS 75014, at *39 (D. Md. Jun. 7, 2016) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). An amendment is also futile if it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Daimler Trust*, 2016 U.S. Dist. LEXIS 75014, at *40 (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Here, the proposed amendments do not contain any new allegations against Equifax or new claims such that she can state any cause of action against Equifax (*see supra*, I. A.). Equifax respectfully refers the Court to its Motion for Summary Judgment (see ECF No. 67) which demonstrates the myriad reasons why Plaintiff's claims fail as a matter of law. Because Plaintiff's Motion to Amend is highly prejudicial and futile, the Court should deny Plaintiff's Motion to Amend.

### C.    Plaintiff Has Waived Any Defense to Equifax's Motion for Summary Judgment And Equifax Should Be Awarded Summary Judgment.

Equifax filed its Motion for Summary Judgment on December 5, 2022 (see ECF No. 67.) By notice dated December 6, 2022, the Court informed Plaintiff that she "[has] the right to file a response to this motion within twenty−eight (28) days from the date of this notice, unless otherwise ordered by the presiding judge (see ECF No. 69). Accordingly Plaintiff's deadline for responding to Equifax's Motion for Summary Judgment was January 3, 2023. Because plaintiff failed to

respond by January 3, 2023 and she neither sought nor was granted an extension of time, Plaintiff waived her right to interpose a response to Equifax's Motion for Summary Judgment.

In the absence of any response to Equifax's Motion for Summary Judgment and for the reasons set forth in its moving papers, Equifax respectfully requests that its Motion for Summary Judgment be granted in its entirety.

## **CONCLUSION**

For the foregoing reasons, Equifax respectfully requests that Plaintiff's Motion to Amend be denied in its entirety.

Dated: Washington, DC
      January 23, 2023

                    SEYFARTH SHAW LLP

                    By: */s/ Eric J. Janson*
                        Eric J. Janson
                        975 F Street, N.W. |
                        Washington, DC 20004
                        Telephone:  (202) 828-3532
                        ejanson@seyfarth.com

                    *Attorneys for Defendant Equifax Information Services LLC*

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I electronically filed the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF EQUIFAX'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT with the Clerk of the Court using the Court's CM/ECF system which will send notification of such filing to all counsel.  I further certify that a copy of the foregoing document was served upon Pro Se Plaintiff via U.S. Mail with adequate postage thereon, addressed as follows:

Erien Frazier
P.O. Box 25
Hagerstown, MD  21741

/s/ Eric J. Janson
Eric J. Janson
*Counsel for Defendant*
*Equifax Information Services LLC*

11